UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| JERMAINE MATTHEWS, | ) |
| | ) |
| Plaintiff, | )   Civil Action No. 5: 24-192-DCR |
| | ) |
| v. | ) |
| | ) |
| DAVID PAUL, et al., | )   **MEMORANDUM OPINION** |
| | )                   **AND ORDER** |
| Defendants. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Jermaine Matthews was previously confined at the Federal Medical Center ("FMC")-Lexington in Lexington, Kentucky. Proceeding without an attorney, Matthews filed a complaint asserting claims against Defendants Warden David Paul, Michael Broughton, Greg Gilbert, and Timothy Terrell pursuant to the doctrine of *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [Record No. 1]

While Matthews did not pay the $350.00 filing fee or the $55.00 administrative fee, he previously filed a motion for leave to proceed *in forma pauperis*. Matthews' first motion was not filed using the Court-approved form, nor was the financial information submitted in support certified by prison staff as is required by 28 U.S.C. § 1915(a)(2).[1] As a result, the motion was denied without prejudice. [Record No. 6] The Court, however, directed the Clerk to forward the necessary forms to Matthews so that he could file a properly supported motion

---

[1] A motion to proceed *in forma pauperis* must be accompanied by "a *certified* copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint…, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2) (emphasis added).

-1-

and gave him an additional thirty days to do so. [*Id.*] Matthews filed a second motion for leave to proceed *in forma pauperis* but the financial information submitted is not certified by prison staff. Thus, the second motion also will be denied.

Notwithstanding Matthews' failure to provide information sufficient to address his proceeding *in forma pauperis*, the Court will conduct a preliminary review of his complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. On initial screening, a district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). *See also* Fed. R. Civ. P. 8. The Court evaluates Matthews' complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Matthews' complaint alleges that while he was housed at FMC-Lexington, the defendants violated his rights under the Eighth and Fourteenth Amendments by allowing him to be housed in an unsafe cell at the facility. [Record No. 1 at p. 4-7] More specifically, he claims that, on July 24, 2023, a "hard plaster brick mortar held by metal wire in the shape of a screen" fell from an approximately 12-foot-high ceiling, striking him on the head and causing injury. [*Id.* at p. 4, 7] Matthews attributes this to each defendants' "purposeful neglect,"

including Gilbert's failure to submit a work order and Terrell's neglect by failing to inspect his cell and report issues to a superior. [*Id*. at p. 4-6] As relief, the plaintiff requests monetary damages as compensation for physical and psychological injuries, pain and suffering, and future medical care. [*Id*. at p. 7-10] For the reasons explained below, Matthews' complaint will be dismissed on initial review for failure to state a claim for which relief may be granted.

Constitutional claims against individual federal employees (such as those pled by Matthews) are brought pursuant to the doctrine of *Bivens*, which held that an individual may "recover money damages for any injuries . . . suffered as a result of [federal] agents' violation of" his constitutional rights." *Bivens*, 403 U.S. at 397. While *Bivens* expressly validated the availability of a claim for damages against a federal official in his or her individual capacity, an officer is only responsible for his or her own conduct. *Iqbal*, 556 U.S. at 676-677. *See also Ziglar v. Abbasi*, 137 S.Ct. 1843, 1860 (2017). Thus, to avoid dismissal, a plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676.

While Matthews alleges violations of the Equal Protection clause of the Fourteenth Amendment as the basis for his suit, he does not allege any facts in support of his claims. Simply put, while Matthews makes conclusory allegations that the defendants violated his rights to Equal Protection, his pleading is devoid of any supporting factual allegations. Thus, it is insufficient to state a claim for relief. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."). *See also Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) ("[e]ven a pro se prisoner must link his

allegations to material facts . . . and indicate what each defendant did to violate his rights . . .") (citations omitted); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

Although the Court construes *pro se* pleadings with some leniency, it cannot create claims or allegations that a plaintiff has not made. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf.") (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)). Because Matthews fails to allege facts to support of his Equal Protection claim, it will be dismissed.

Next, the Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976) (internal quotation marks and citation omitted). But "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson,* 832 F.2d 950, 955 (6th Cir. 1987). Rather, "[e]xtreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). Therefore, a prison official violates the Eighth Amendment only when the following requirements are met: (1) "the deprivation alleged must be, objectively, 'sufficiently serious,'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)); and (2) the prison official has a "sufficiently culpable state of mind," which is "one of 'deliberate indifference' to inmate health or safety." *Id*. (quoting *Wilson*, 501 U.S. at 297) (other citations omitted).

Matthews claims that his cell was in an unsafe condition due to the defendants' negligence. [Record No. 1 at p. 4-6] However, allegations of negligence are insufficient to state a viable Eighth Amendment claim. Instead, the subjective component of an Eighth Amendment claim requires a showing that each defendant was aware of substantial risk of harm to Matthews yet, through his or her actions, chose to consciously and deliberately disregard that risk. This is a more demanding standard than mere negligence. *Farmer*, 511 U.S. at 835; *Arnett v. Webster*, 658 F. 3d 742, 751 (7th Cir. 2011) ("Deliberate indifference 'is more than negligence and approaches intentional wrongdoing.'") (quoting *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 988 (7th Cir. 1998)); *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir. 2005) ("a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment.") (citation omitted). Matthews' allegations that the defendants were negligent in their duties to maintain his cell are insufficient to demonstrate that any individual defendant "subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Johnson*, 398 F.3d at 874. For these reasons, his complaint fails to state a claim for an Eighth Amendment violation.

But even if Matthews' complaint adequately alleged an Eighth Amendment claim against a defendant, *Bivens* does not provide for monetary relief for such a claim based on allegations of an unsafe physical condition of a federal prisoner's cell. In a series of decisions (most recently *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020), and *Egbert v. Boule*, 142 S. Ct. 1793 (2022)), the United States Supreme Court reiterated in strong terms that the damages remedy implied in *Bivens* will rarely extend to contexts that differ meaningfully from three discrete circumstances where it has previously

been recognized. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 68 (2001) (noting that the Supreme Court has "consistently refused to extend *Bivens* to any new context or new category of defendants."). Since *Bivens* was decided in 1971, the Supreme Court has recognized a private right of action for damages for a constitutional violation in three circumstances: (1) where federal officials search a private residence without probable cause in violation of the Fourth Amendment, *Bivens*, 403 U.S. at 397; (2) where a Congressperson terminated an employee on the basis of gender in violation of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228, 249 (1979); and (3) where prison officials displayed deliberate indifference to a prisoner's serious medical needs in violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 24 (1980). *See Ziglar*, 137 S.Ct. at 1854-55.

Based on the foregoing, to determine if Matthews may pursue his claim under *Bivens*, the Court must answer two questions. First, it must decide if the plaintiff's claim presents a "new context" or involves a "new category of defendants" for application of *Bivens*. *Hernandez*, 140 S.Ct. at 743 (citations omitted). Whether the claim is presented in a "new context" is to be interpreted broadly, as a context will be regarded "as 'new' if it is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court.]" *Id.* (quoting *Ziglar*, 137 S.Ct. at 1859). A difference is "meaningful" if, for example, it involves a different constitutional right, a different category of officers as defendants, a difference in the specificity of agency actions at issue, a difference in institutional expertise, or differing risks of judicial intrusion. *Ziglar*, 137 S.Ct. at 1860.

In this case, Matthews' Eighth Amendment claim based upon allegations that his cell was in an unsafe condition due to prison officials' neglect presents a context that is entirely new and different from those previously recognized by the Supreme Court as cognizable under

*Bivens*. While Matthews' claim (like the claim implied in *Carlson*) sounds in the Eighth Amendment, "[a] claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Hernandez*, 140 S. Ct. at 743. Plainly, a prisoner's claim that a defendants' neglect caused an unsafe condition in his cell is a completely different context than the claim in *Carlson* of deliberate indifference to a prisoner's serious medical needs. *See Greene v. United States*, No. 21-5398, 2022 WL 13638916, at *4 (6th Cir. Sept. 13, 2022) (determining that the plaintiff's Eighth Amendment excessive force claim arose in a new context and was therefore "presumptively non-cognizable"); *Hower v. Damron*, No. 21-5996, 2022 WL 16578864, at *3 (6th Cir. Aug. 31, 2022) (federal prisoner's Eighth Amendment "failure to protect" claim presents a new context from the Eighth Amendment deliberate indifference claim in *Carlson*). Because even a "modest extension" of a prior Supreme Court case constitutes a new context, *Ziglar*, 137 S.Ct. at 1864, the Court finds that the first part of the *Ziglar* test has been met here.

Because Matthews' claim arises in a new context, the Court also must consider whether there are "special factors counselling hesitation in the absence of affirmative action by Congress." *Ziglar*, 137 S.Ct. at 1857 (quoting *Carlson*, 446 U.S. at 18). This inquiry "concentrate[s] on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id*. at 1857-58. Under this "exacting" two-part test, the answer to the question of whether a court "should engage in the 'disfavored judicial activity' of recognizing a new *Bivens* action . . . will almost always be never." *Elhady v. Unidentified CBP Agents*, 18 F.4th 880, 883 (6th Cir. 2021), *reh'g denied,* No. 20-1339, 2022 WL 326693 (6th Cir. Jan. 25, 2022). "Put another way, the most important question is who should decide whether to provide for a

damages remedy, Congress or the courts? If there is a rational reason to think that the answer is Congress—as it will be in most every case—no *Bivens* action may lie." *Egbert*, 142 S.Ct. at 1803. *See also Ziglar*, 137 S.Ct. at 1857 ("When an issue involves a host of considerations that must be weighed and appraised, it should be committed to those who write the laws rather than those who interpret them.") (cleaned up).

There are multiple reasons that a judicially implied remedy for damages for Matthews's claim is not appropriate. First, through 42 U.S.C. § 1983, Congress long ago created a statutory cause of action against state actors for violations of constitutional rights. But it has never done so with respect to federal actors. Instead, Congress has taken steps to curtail prisoner litigation, not expand it:

> Some 15 years after *Carlson* was decided, Congress passed the Prison Litigation Reform Act of 1995, which made comprehensive changes to the way prisoner abuse claims must be brought in federal court. So it seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs. This Court has said in *dicta* that the Act's exhaustion provisions would apply to *Bivens* suits. But the Act itself does not provide for a standalone damages remedy against federal jailers. It could be argued that this suggests Congress chose not to extend the *Carlson* damages remedy to cases involving other types of prisoner mistreatment.

*Ziglar*, 137 S. Ct. at 1865 (citations omitted).

In addition, the Bureau of Prisons' inmate grievance program provides an alternative mechanism to remedy errors of the kind that Matthews alleges. *See Malesko*, 534 U.S. at 61 (noting that the BOP's inmate grievance program "provides yet another means through which allegedly unconstitutional actions and policies can be brought to the attention of the BOP and prevented from recurring."). Indeed, courts have consistently held that the BOP's inmate grievance program provides a viable alternative remedy counseling against inferring a remedy under *Bivens*. *Callahan*, 965 F.3d at 524; *Freedland v. Mattingly*, No. 1:20-CV-81, 2021 WL

1017253, at *8 (M.D. Pa. Mar. 17, 2021) (collecting cases). The Federal Tort Claims Act, 28 U.S.C. § 2670 *et seq*. ("FTCA"), also provides a limited waiver of the federal government's sovereign immunity for an action directly against the United States for negligent or intentional acts committed by its employees during their employment. *See* 28 U.S.C. § 1346(b)(1). "If there are alternative remedial structures in place, 'that alone,' like any special factor, is reason enough to 'limit the power of the Judiciary to infer a new *Bivens* cause of action.'" *Egbert*, 142 S. Ct. at 1804 (quoting *Ziglar*, 137 S.Ct. at 1858). *See also Malesko*, 534 U.S. at 69 ("So long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclosed judicial imposition of a new substantive liability.").

Finally, the context of Matthews's claim is significant, as "[p]rison-based claims also present a risk of interference with prison administration." *Callahan*, 965 F.3d at 524. As the Sixth Circuit recognized in *Callahan*, "[r]unning a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources," all tasks that fall "peculiarly within the province of the legislative and executive branches." *Id*. (quoting *Turner v. Safley*, 482 U.S. 78, 84-85 (1987)). Thus, "[g]iven the array of challenges facing prison administration and the complexity of those problems, 'separation of powers concerns counsel a policy of judicial restraint,' – counsel in favor in other words of the judiciary not creating new causes of action in this area." *Id*. (quoting *Turner*, 482 U.S. at 85).

The Supreme Court has instructed that, "[i]f there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Egbert*, 142 S.Ct. at 1803 (quoting *Hernandez*, 140 S.Ct. at 743). And because multiple factors weigh strongly against implying a *Bivens* remedy for Matthews's Eighth Amendment claim based upon allegations that his cell was in an unsafe condition, this Court will not do so here.

*Bivens* does not provide a remedy for Matthews's Eighth Amendment claim against the defendants; therefore, this claim must be dismissed. *Elhady*, 18 F. 4th at 884 ("Plaintiffs like Elhady often have no cause of action unless we extend *Bivens*. And if there is no cause of action, courts should stop there.").

Accordingly, it is hereby **ORDERED** as follows:

1.  Plaintiff Matthews' Motion for Leave to Proceed *In Forma Pauperis* [Record No. 8] is **DENIED**.

2.  Plaintiff Matthews' complaint [Record No. 1] is **DISMISSED** with prejudice.

3.  This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated: August 8, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky